PER CURIAM.
This case arises out of condemnation proceedings, but involves the correctness of the trial court’s dismissal of a declaratory judgment action.
In 1977, the state offered the landowners $142,417, a sum arrived at by a land appraiser retained by it. A second state appraiser had valued the property at only $43,308. It is this low appraisal that generated this controversy.
The State Highway Department, by letter, notified the landowners that if the sum of $142,417 was not satisfactory, the state would have to acquire the land through condemnation. The state did commence condemnation proceedings in the Probate Court of Jefferson County; the landowners were awarded $200,500. The state appealed the award to the circuit court, and again offered $142,417 to the landowners.
When the case came on for trial, landowners’ attorney informed the state’s attorney, by letter, that he had learned that the state intended “to put on evidence in this trial below that amount you believe to be just compensation and which you have stated is due as just compensation to the property owners, to wit: one-hundred forty-two thousand, four hundred seventeen dollars ($142,417.00).” The letter further stated, in part:
“ . . . This expression and action on your part is recognized as and can only be interpreted for what it is — a threat that *984 unless the property owners accept the one-hundred forty-two thousand, four-hundred seventeen dollars ($142,417.00) as payment for their property and forego their right to trial by jury and the opportunity to assert what they truly believe, that the State officials and their representatives will go to trial at a much lesser figure and put on evidence at a much lesser figure than one-hundred forty-two thousand, four-hundred seventeen dollars ($142,417.00) and attempt with all the force of the Government to obtain the property for a sum of money that they know and believe to be less than just compensation. This type of action is in violation of the State and Federal Constitutional guarantees of just compensation and Due Process of Law which the officials and representatives are Constitutionally bound to accord these citizen property owners. Such action on the part of these officials and representatives is wrong, improper, unfair, and unconstitutional and known to be so by the parties involved.
“This is to put all parties involved and responsible for this deplorable conduct and action on notice that such threat and indeed the carrying out of such a threat will be a wrong perpetrated against these property owners for which a cause of action will lie and for which suit will be brought against all responsible parties should these officials and/or their representatives persist in these threats and in carrying out these threats. Damages claimed will be of both a compensatory and a punitive nature for all wrongful acts in connection with this.”
In effect, the state officials were advised that if they persisted in this “coercion” a civil rights suit under Title 42, § 1983, United States Code, would be filed against them for fraudulently attempting to deprive the landowners of their constitutional right to adequate compensation.
The trial judge continued the condemnation proceedings at that time. Subsequently, all state and federal highway officials were notified by letter by the landowners’ attorney that they would subject themselves to suit if they persisted in putting into evidence the lower appraisal. The state and federal highway officials then filed this declaratory judgment action against the landowners and their attorney. The trial judge aptly stated the issue:
“In this action, plaintiffs now seek an order or decree from this Court declaring that they have the right to offer evidence through a qualified witness or witnesses that the sum of $144,350.00 or a lesser sum, is the fair market value of the land sought to be condemned from the defendant landowners and, that plaintiffs would not thereby offend or violate the civil rights, constitutional rights or other rights of the defendant landowners, or their attorney, defendant John Lavette, or be liable to them for compensatory, punitive or other damages.”
In other words, the question in this declaratory judgment action is whether the plaintiff could obtain a present determination of a prospective ruling on evidence to be later introduced. The trial court concluded that it lacked jurisdiction to entertain the complaint and granted the landowner’s motion to dismiss.
The proper test of the sufficiency of a complaint in a declaratory judgment proceeding is whether there is a bona fide justiciable controversy which should or ought to be settled. Trabits v. First National Bank of Mobile, 295 Ala. 85, 323 So.2d 353 (1975). As this Court stated in Metzger Bros. v. Royal Indemnity Co., 274 Ala. 643, 151 So.2d 244 (1963):
“The test of sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the complainant will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all, and if the complaint states the existence of a bona fide justiciable controversy which should be settled, a cause of action for declaratory judgment is stated and the demurrer should be overruled. Orkin Exterminating Co. of North Ala. v. *985 Krawcheck, 271 Ala. 305, 123 So.2d 149, and cases therein cited; see 7A Ala.Dig;., Declaratory Judgment, <&wkey;313.”
But a declaratory judgment proceeding will not lie for an anticipated controversy. Callen v. Callen, 257 Ala. 226, 229, 58 So.2d 462, 465 (1952) disposed of that question when it held that:
“It is not sufficient that the parties anticipate that [such] justiciable controversy may arise.”
To the same effect is Talton v. Dickinson, 261 Ala. 11, 14, 72 So.2d 723, 726 (1954):
“The proceeding is not available to adjudicate anticipatory rights and it is not sufficient that the parties anticipate that a justiciable controversy may arise. [Citing Callen, supra]”
The prospective opportunity to present evidence of a certain nature falls within that prohibition. Accordingly, it was not a proper subject for declaratory relief and the trial court’s dismissal of the complaint was correct. Therefore the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX and FAULKNER, JJ., dissent.