448 So.2d 333 (1984)
Charles A. GRADDICK, etc., et al.
v.
Julian L. McPHILLIPS, Jr.
82-499.
Supreme Court of Alabama.
March 9, 1984.
Rehearing Denied April 6, 1984.
*334 Oakley Melton, Jr., Joe Espy, III, and Michael S. Jackson of Melton & Espy, Montgomery, for appellants.
Julian L. McPhillips, Jr., of McPhillips & DeBardelaben, and L. Gilbert Kendrick, Montgomery, for appellee.
ALMON, Justice.
This appeal raises the question of whether increases in salary paid to the state attorney general during his term, pursuant to a statute enacted prior to his taking office, violate the section of the Constitution providing that he "shall receive compensation to be fixed by law, which shall not be increased or diminished during the term" for which he is elected. The trial court declared that the increases in salary violated the Constitution, but ordered no repayments of increased amounts.
Julian L. McPhillips, Jr., commenced this action by filing a taxpayer's action against Charles A. Graddick, individually and as Attorney General of Alabama, and against the state comptroller, finance director, and treasurer. The complaint sought declaratory judgment as to the effect of § 36-15-3, Code 1975, and injunctive relief ordering Graddick to repay approximately $20,000 in allegedly unconstitutional pay raises. The complaint also sought injunctions against the other defendants ordering them to stop paying Graddick a salary in excess of that in effect when he took office, i.e., $39,500.00.
The three financial officer defendants Comptroller Brassell, Finance Director Rainer, and Treasurer Gunterpetitioned *335 for a stay of the proceedings because Governor James had requested an advisory opinion from this Court on the same matter. The circuit court granted the stay. On December 22, 1982, this Court issued an opinion declining to answer the question because of the pendency of this litigation. Opinion of the Justices, No. 298, 431 So.2d 496 (Ala.1982). The trial court thereafter dissolved the stay.
On January 18, 1983, McPhillips filed an amended complaint, striking the prayers for injunctions against the financial officer defendants ordering them not to allow payments to Graddick in excess of $39,500.00, on the grounds that such relief had become moot when Graddick began his second term of office on January 17, 1983. The amended complaint substituted prayers for injunctions ordering the financial officer defendants and their successors in office not to authorize or approve payments to an attorney general greater than the salary at the beginning of a particular term of office.
The defendants filed a motion to dismiss, or in the alternative, for summary judgment, and, without waiving these motions, filed an answer. The trial court held a hearing and took the matter under submission. On February 23, 1983, the trial court issued an order holding that "Article V, § 118 of the Alabama Constitution of 1901, as amended, is controlling and superior to § 36-15-3 Code of Alabama (1975). Any salary increased [sic] or decreases during the term of office of the listed officials violate the constitutional prohibition." Defendants filed notice of appeal to this Court.
Article V, § 118, Constitution of 1901, reads in pertinent part as follows: "The governor, lieutenant governor, attorneygeneral, [and other named officers], shall receive compensation to be fixed by law, which shall not be increased or diminished during the term for which they shall have been elected...."
The salary increases which are the subject of this lawsuit arose in the following manner: In 1969 the legislature passed Act No. 411, 1969 Ala. Acts, p. 811. This Act provided that "The salary of the attorney general of Alabama shall be an amount equal to the salary of an associate justice of the supreme court of Alabama," and specified that it was to take effect "upon the expiration of the term of the incumbent Attorney General." This Act is now codified at § 36-15-3, Code 1975.
In 1973 the voters ratified Amendment No. 328 to the Constitution, adopting a new Judicial Article. Section 6.09 of Amendment 328 created a judicial compensation commission "which shall recommend the salary and expense allowances to be paid from the state treasury for all the judges of this state except for judges of the probate court." Paragraph (d) of that section provided:
"The commission may submit a report to the legislature at any time within the first five calendar days of any session. The recommendations of the commission shall become law unless rejected by a joint resolution or altered by act of the legislature at the session to which the report is submitted. The compensation of a judge shall not be diminished during his official term."
Graddick began his first term of office in January of 1979. The associate justices' salary increased in May, 1980, and April, 1982, pursuant to reports of the judicial compensation commission which became law without alteration by the legislature. Graddick received the same pay increases at both times. After the second of these raises, McPhillips brought this action.
McPhillips correctly perceived that the prayer for injunctions against the financial officer defendants in his original complaint became moot when Graddick began his second term of office in Janury 1983. It is also the case, however, that his other claims for relief were non-justiciable; hence, the trial court should have dismissed the action.
The count requesting the court to order Graddick to repay all compensation in excess of $39,500.00 per year is barred by Code 1975, § 36-5-24, which reads:

*336 "When any state or county official shall have collected or paid out any money as fees, salary or compensation for official services rendered under any law of Alabama, general or special, which law, subsequent to such collection or paying out, shall be declared by the supreme court of Alabama to be unconstitutional or void or illegal, such officer shall not be liable either individually or on his official bond in any civil action brought for the recovery of such money so collected or paid out, nor shall the person to whom the same shall have been paid be liable therefor."

(Emphasis added.) The defendants' motion to dismiss urged that the prayers in the complaint were either moot or did not state claims upon which relief could be granted.
We agree that § 36-5-24 precludes any refunds of payments made to Graddick. McPhillips attempts to distinguish the situation at bar from that covered by the statute by saying that he is not seeking to have § 36-15-3 declared unconstitutional, but only to have the interpretation of that statute by the defendants held in violation of § 118 of the Constitution. This distinction does not alter the fact that the relief sought would violate both the spirit and the letter of § 36-5-24. The reference in that section to a statute declared "to be unconstitutional or void or illegal," is broad enough to include a declaration as to a certain application of the statute. Thus a judgment that the defendants' interpretation of § 36-15-3 violated § 118 would not authorize an order of repayment because of the prohibitions of § 36-5-24.
Similarly, McPhillips's other requests for relief were due to be dismissed. His prayers for a judgment declaring that the first-term raises violated § 118 were moot once Graddick entered his second term. Moreover, both the declaratory judgment counts and the amended counts requesting injunctions against same-term pay raises sought, in effect, an advisory opinion. "The proper test of the sufficiency of a complaint in a declaratory judgment proceeding is whether there is a bona fide justiciable controversy which should or ought to be settled." White v. Thomas, 370 So.2d 983, 984 (Ala.1979); Trabits v. First Nat. Bank of Mobile, 295 Ala. 85, 323 So.2d 353 (1975); cases cited at 7A Ala. Digest, Declaratory Judgment, Key # 313. The same authorities establish that declaratory judgment proceedings will not lie for an anticipated controversy.
This Court has long held that "[t]he declaratory judgment statutes do not empower courts to decide moot questions ... or to give advisory opinions, however convenient it might be to have the questions decided for the government of future cases." Alabama-Tennessee Nat. Gas Co. v. City of Huntsville, 275 Ala. 184, 192, 153 So.2d 619 (1963); see also State ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 106 (1974); Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644, 309 So.2d 424 (1975).
Because the amended counts for injunctive relief are predicated on hypothetical future raises, they seek essentially declaratory relief and do not present a justiciable controversy for the reasons set out above. Moreover, the scheme under which the Legislature approves reports of the Judicial Compensation Commission has changed under Amendment No. 426, which was proclaimed ratified on November 17, 1982. Thus the facts under which any future increases in pay to the Attorney General might take place would be significantly different from those of the case at bar, and any controversy surrounding such an increase should be decided at the time it arises.
The foregoing analysis establishes that the trial court should have dismissed the action as non-justiciable, and the judgment holding that the salary increases violated § 118 of the Constitution of 1901 is therefore void. An appeal will not lie to reverse a void decree, and the appeal must be dismissed. State ex rel. Baxley v. Johnson, supra, 293 Ala. at 73, 300 So.2d at 110; City of Mobile v. Scott, 278 Ala. 388, 178 So.2d 545 (1965).
APPEAL DISMISSED.
*337 MADDOX, FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in part and dissents in part.
TORBERT, Chief Justice (concurring in part and dissenting in part).
I dissent from the majority's failure to reach the merits of the alleged conflict between the mandate of Article V, section 118, of the Alabama Constitution (1901, as amended 1969), and the salary adjustments occasioned by the application of the provisions of Code 1975, § 36-15-3. The usual rule as stated by the majority is "that declaratory judgment proceedings will not lie for an anticipated controversy." However, the conflict presented in this case comes within the exception to the general rule for cases that are "capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 126, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973); Murphy v. Hunt, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Although the action was filed too late to have been finally determined before a new term of office commenced, there is a reasonable expectation that the same controversy could recur, involving the same basic constitutional issue. See Murphy, 455 U.S. at 482, 102 S.Ct. at 1183. "Furthermore, controversies regarding the legality of the acts of public officials, or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for declaratory judgment." White v. Thomas, 370 So.2d 983, 985 (Ala.1979) (Maddox, J., dissenting); Morgan v. Board of School Commissioners of Mobile County, 248 Ala. 22, 26 So.2d 108 (1946). As to the merits of this constitutional issue, it is my view that the trial court was correctthat § 118 of the Alabama Constitution is controlling and that any salary increases or decreases during the term of office of the listed officials would violate the constitutional prohibition contained in that section.
Article V, section 118, provides in part:
"The governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, and commissioner of agriculture and industries, shall receive compensation to be fixed by law, which shall not be increased or diminished during the term for which they shall have been elected, and shall, except the lieutenant governor, reside at the state capital during the time they continue in office, except during epidemics."
Constitutional provisions, such as this one, prohibiting a change in compensation have been held to be inexorable, and they may not be dispensed with, circumvented, or ignored. 67 C.J.S. Officers § 230(a), p. 733 (1978). However, these constitutional limitations "do not in any way prevent the Legislature, in any proper manner it sees fit and at any time, from passing a law or laws either increasing or diminishing the pay, salaries, or compensation of any officer or employee of the state." State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 528, 150 So. 537, 542 (1933). These limitations would not impair the validity of such an act, but would only affect the date at which the various provisions of the law would go into effect. State Docks Commission, 227 Ala. at 528, 150 So. at 543; Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720 (1936); see Hamilton v. Autauga County, 289 Ala. 419, 268 So.2d 30 (1972).
The increases sought to be recovered in the present action were paid to the attorney general pursuant to an interpretation of Code 1975, § 36-15-3. Section 36-15-3 provides:
"The salary of the attorney general of Alabama shall be an amount equal to the salary of an associate justice of the supreme court of Alabama. The salary provided for herein shall be payable in installments as the salaries of other state officers are paid and shall be the full compensation to which the attorney general is entitled from the state for the performance of his official duties."
*338 The constitutional prohibition of § 118 must be read into § 36-15-3. State Docks Commission v. State ex rel. Jones, 227 Ala. at 529, 150 So. at 543. The act is not void by reason of this constitutional prohibition, but its effect is held in abeyance insofar as it would otherwise increase or diminish the compensation of the attorney general during a given term. See Hawkins v. Jefferson County, 233 Ala. at 52, 169 So. at 722; 69 C.J.S. Officers § 230(c), pp. 737-38 (1978).
While the salary increase paid to the attorney general during this term of office resulted in an unconstitutional application of the provisions of § 36-15-3, nonetheless, it is equally clear, as a matter of law, that the provisions of Code 1975, § 36-5-24, preclude any recovery of state funds already disbursed by the appropriate state officials. Payments of salaries are made by the issuance of a state warrant by the state comptroller, and the warrant is paid by the state treasurer.
Code 1975, § 36-5-24, provides:
"When any state or county official shall have collected or paid out any money as fees, salary or compensation for official services rendered under any law of Alabama, general or special, which law, subsequent to such collection or paying out, shall be declared by the supreme court of Alabama to be unconstitutional or void or illegal, such officer shall not be liable either individually or on his official bond in any civil action brought for the recovery of such money so collected or paid out, nor shall the person to whom the same shall have been paid be liable therefor."
The Legislature, by enacting § 36-5-24 (previously Code 1940, tit. 41, § 58; Code 1923, § 2619), provided protection to state officials from liability for certain conduct authorized or required by an act subsequently declared unconstitutional. Powers v. United States Fidelity & Guaranty Co., 236 Ala. 389, 392-93, 182 So. 758, 760 (1938). The language of this statute expressly extends protection to an officer paying out public funds pursuant to a statute, as well as to the person receiving them. Cooper v. Hawkins, 234 Ala. 636, 639, 176 So. 329, 331 (1937).
The purpose of this statute is worthy of comment. There are several constitutional provisions which govern the procedure of the Legislature in passing laws. See Ala. Const. art. IV, §§ 45, 61, 62, 63, and 66. Statutes enacted by the Legislature which do not comport with these constitutional provisions have been declared unconstitutional, null and void, and of no force and effect. However, until challenged and declared unconstitutional by a court of competent jurisdiction, statutes enacted by our Legislature have the force and effect of law. As such, public officials are required to comply with their provisions; they are binding on our citizens. The purpose of § 36-5-24 is clearly to encourage compliance with statutes unless and until they are declared invalid. Otherwise, public officials who are charged with the payment of public funds under a statute such as the one in question here would be exposed to liability for complying with the provisions of a law which is subsequently invalidated. This situation seems to be exactly the kind of problem contemplated by the Legislature in 1921 when it adopted the statute barring recovery of payments. Code 1975, § 36-5-24. The attorney general is entitled to the benefit of that statute just as any other state employee or officer is.
While I agree that the payments to the attorney general became proper once he entered his second term, I do not agree that that fact mooted the request for declaratory relief. I would reach and decide the constitutional issue.