Rel: October 24, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

———————————————

### SC-2024-0850

———————————————

### City of Orange Beach

### v.

### Ian Boles

### Appeal from Baldwin Circuit Court
### (CV-16-900955)

SHAW, Justice.

The City of Orange Beach ("the City), the defendant below, appeals

from the Baldwin Circuit Court's declaratory judgment in favor of the

plaintiff, Ian Boles, following this Court's reversal of a judgment awarding damages in favor of Boles and our remand of the case for further proceedings. See City of Orange Beach v. Boles, 393 So. 3d 1, 2 (Ala. 2023), a decision of a seven-Justice Court in which three Justices concurred and one Justice concurred in the result. For the reasons provided below, we reverse the trial court's judgment and remand the case for the trial court to enter an order of dismissal.

Facts and Procedural History

The underlying facts and procedural history of this case are explained in detail in Boles. In 2015, Boles obtained from the City a building permit to construct certain residential structures on property that he owned and that was located within the City's corporate limits. 393 So. 3d at 2. At the time, the City's standard operating procedure required builders to provide, for each permitted project, a completed form supplying information, including certain financial information, pertaining to each subcontractor working on a project ("the subcontractor form"). The submission of the subcontractor form was required before the City would conduct an electrical and/or gas-meter inspection and before the issuance of a certificate of occupancy for a completed structure.

2

Id. at 3. Boles refused to supply the subcontractor form; consequently, the City refused to perform the necessary inspections. As a result, Boles ultimately sued the City and its building inspector in the trial court. Id. at 4-5.

As characterized by Boles in this appeal, his complaint sought a declaratory judgment and corresponding relief in the form of an order requiring the City to inspect the property:

> "The crux of the lawsuit was … Boles seeking a Declaratory Judgment against the [C]ity to: (1) Render a declaratory judgment adjudging that the City [had] … no authority to require Boles to provide financial information in regards to his subcontractors [before performing the inspections]; and (2) For an order directing [the City] to immediately, and properly inspect the property as previously requested."

Boles's brief at 7. As part of what he describes as a "secondary" issue, see id., Boles also sought to recover damages that he attributed to the City's delay in completing the requested inspections. Boles, 393 So. 3d at 6.

The disputed inspections of Boles's property were ultimately completed during the pendency of the underlying litigation without Boles having to supply a completed subcontractor form to the City. Id. at 5. Thus, Boles essentially received the relief he requested, except on his claim for damages.

After Boles settled his claims against the City's building inspector, the case proceeded to a jury trial. The jury was instructed to determine whether the City's building inspector had been "exercising legal authority"; was instructed as to the contents of several provisions of the "International Building Code" governing, among other things, inspections, the requirement to make inspections, and the submission of documents;[1] and was instructed to determine whether Boles proved damages resulting from the City's and its building inspector's "negligently failing to inspect" Boles's property "when they were legally required to do so." A jury form allowed the jury to find in favor of Boles "on his claim for declaratory judgment, and award him damages." The record in <u>Boles</u> thus demonstrates that Boles's declaratory-judgment claim was submitted to the jury in conjunction with his claim for damages. We express no opinion on the propriety of submitting those claims to the jury. The jury found in favor of Boles and awarded him in excess of $3.5 million in damages. <u>Id.</u> at 6. The City appealed.

---

[1]Boles argues that the City claimed that its authority to require builders to submit financial information was found in the International Building Code, portions of which had been adopted by the City. Boles's brief at 16.

4

In the main opinion in <u>Boles</u>, this Court determined that the jury had erred in awarding the above-described damages because, the main opinion concluded, Boles's damages claim was barred by the doctrine of substantive immunity. <u>Id.</u> at 7-9. Accordingly, we reversed the trial court's judgment on the jury's verdict. <u>Id.</u> at 11. In doing so, the main opinion in <u>Boles</u> specifically noted that Boles's complaint had included claims for essentially injunctive relief -- an order requiring the City to perform the inspections -- that had already been resolved and, thus, specified that the decision considered only the propriety of the jury's damages award and did not address Boles's request for a declaratory judgment, on which the jury's verdict was necessarily based.[2] See <u>id.</u> at 11 n. 3.

Following remand, the trial court purported to enter a judgment in Boles's favor on his declaratory-judgment claim but, in accordance with

---

[2]According to Boles, "any determination on damages would be subsequent to a finding … that the City (1) did not have authority to require Boles to provide financial information in regards to his subcontractor and (2) whether the Building Inspector's Office was able to refuse inspections on Boles['s] property as a result of his refusal" to provide that financial information in the subcontractor form. Boles's brief at 7-8. Again, this Court expresses no opinion on whether it was proper to submit those issues to a jury.

<u>Boles</u>, declined to award any corresponding damages. Following the denial by operation of law of its postjudgment motion, the City again appealed. At the time that it did so, there remained pending in the trial court a motion by Boles that sought to tax $1.1 million in attorneys' fees against the City, which, the City represents, the trial court expressed its intention to grant.

We note that, under the Declaratory Judgment Act, § 6-6-221, Ala. Code 1975, the "purpose" of a declaratory judgment "is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations." On the issue of mootness in the declaratory-judgment setting, the Court has explained:

> "For a court to grant declaratory relief, it must have before it a bona fide, presently existing justiciable controversy <u>that affects the legal rights or obligations of the parties</u>. See <u>King v. Calhoun Community College</u>, 742 So. 2d 795, 797 (Ala. Civ. App. 1999); see also <u>State ex rel. Baxley v. Johnson</u>, 293 Ala. 69, 73, 300 So. 2d 106, 110 (1974) ('There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes ....'). '<u>Unless the trial court has before it a justiciable controversy, it lacks subject matter jurisdiction and any judgment entered by it is void </u>ab initio.' <u>Ex parte State ex rel. James</u>, 711 So. 2d 952, 960 n. 2 (Ala. 1998) (citing <u>Stamps v. Jefferson County Bd. of Educ.</u>, 642 So. 2d 941, 945 (Ala. 1994); <u>Luken v. BancBoston Mortg. Corp.</u>, 580 So. 2d 578 (Ala. 1991); <u>Wallace v. Burleson</u>, 361 So. 2d 554, 555-56 (Ala. 1978)).

"This Court has held that a declaratory-judgment action will not lie for an anticipated or future controversy. See Luken v. BancBoston Mortg. Corp., supra, 580 So. 2d at 580; Graddick v. McPhillips, 448 So. 2d 333, 336 (Ala. 1984)."

Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So. 2d 270, 272-73 (Ala. 2000) (emphasis added).

Boles sought a declaration that the City could not require, as a condition of performing necessary inspections on his property, the provision of financial and other information regarding the subcontractors Boles hired to work on the project. The first form of the relief he sought -- that the inspections occur -- was granted. The damages determination, his second requested form of relief, was premised on such a declaration and was resolved in favor of Boles, albeit erroneously. With all the issues and requested relief having been determined, there exists no need for a subsequent, perfunctory declaration whether the City's policy of requiring the subcontractor form was incorrect or unauthorized in this case. Accordingly, there remains nothing for the trial court to "to settle and to afford relief from" for purposes of the Declaratory Judgment Act, and such a determination no longer "affects the legal rights or obligations of the parties" in this case. Grenier, 782 So. 2d at 272. See Creola Land

7

Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So. 2d 285, 288 (Ala. 2002) ("A controversy is justiciable where present 'legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment statutes.'" (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So. 2d 661, 662 (1963)) (emphasis added)), and Save Our Streams, Inc. v. Pegues, 541 So. 2d 546, 548 (Ala. Civ. App. 1988) ("The plaintiff sought revocation of the … permit, and that has been granted. When the relief sought has already been granted, as in the case at bar, the issue is moot and will not be reviewed.").

## Conclusion

Because no remaining justiciable controversy existed between the parties at the time this case was remanded, the trial court lacked subject-matter jurisdiction to enter a declaratory judgment.  See Underwood v. Alabama State Bd. of Educ., 39 So. 3d 120, 127 (Ala. 2009) ("'A court without subject-matter jurisdiction "'may take no action other than to exercise its power to dismiss the action. ... Any other action ... is null and void.'"'" (citations omitted)).  As a result, the trial court's declaratory judgment in favor of Boles is void.  Accordingly, we reverse that judgment and remand the case for the trial court to enter an order of dismissal.

8

REVERSED AND REMANDED.

Stewart, C.J., and Wise, Sellers, Mendheim, McCool, and Lewis, JJ., concur.

Bryan, J., concurs in the result.

Cook, J., recuses himself.