178 So.2d 545

**CITY OF MOBILE**

v.

**J. G. SCOTT et al., Members of Personnel Board for Mobile County.**

**1 Div. 141.**

Supreme Court of Alabama.

Sept. 9, 1965.

Wm. R. Lauten and Ralph Kennamer, Mobile, for appellant.

Mylan R. Engel, Mobile, for appellees.

COLEMAN, Justice.

The Personnel Board for Mobile County filed, in equity, a bill for declaratory relief against the City of Mobile.

The board alleged that it was created pursuant to Act No. 470, Local Acts 1939, page 298, and that, under said act, the board is empowered to govern, by civil service rules, all employees of the City "in the Classified Service"; that by resolution dated December 12, 1961, the City authorized execution, in the name of the City of a contract employing one Helveston as "Administrative Assistant" to the Board of Commissioners of the City and that the contract was executed and Helveston employed thereunder commencing January 1, 1962.

The board alleged that the position of Administrative Assistant is a position within the classified service and should be filled by examination and appointment under the rules of the board.

In its answer, the City alleged that Helveston was "employed as an independent contractor," and that even if he be an employee of the City, and subject to Act No. 470, he is not in the classified service or subject to the authority of the board.

The bill of complaint was filed February 8, 1962.

By amendment to the City's answer, filed November 21, 1962, the City alleged that by Act No. 39, approved June 28, 1962; 1962 Acts, Special Session, page 50; the legislature authorized the City to appoint an administrative assistant on such terms as the governing body of the City may provide; that the City, on July 1, 1962, pursuant to the act, appointed Helveston as Administrative Assistant and terminated the contract of employment set forth in the bill of complaint; and that the question before the court was no longer justiciable but had become moot. The cause was submitted on bill and sworn answer

The court rendered decree declaring that the city did not have authority to hire an administrative assistant outside of the classified service. The court, in the decree, took note of Act No. 39, but deemed a declaration of rights in the case essential for guidance of municipalities in Mobile County, citing Stone v. State, ex rel. O'Conner, 30 Ala. App. 500, 8 So.2d 210.

The City says there was no justiciable controversy when the decree was rendered, and, therefore, that the court erred in rendering the decree because the court no longer had jurisdiction so to do.

The rule is, that ". . . . there must be a bona fide existing controversy of

**390**

a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment statutes. (Citations Omitted.)" Shadix v. City of Birmingham, 251 Ala. 610, 611, 38 So.2d 851.

■ If there was no justiciable controversy existing, according to the averments of the bill, when the suit was commenced, the trial court had no jurisdiction according to the rule quoted above from Shadix. Under that circumstance, the decree of the trial court would be void. An appeal will not lie to reverse a void decree. Capps v. Norden, 261 Ala. 676, 75 So.2d 915. An appeal from a void decree must be dismissed. Shade v. Shade, 252 Ala. 134, 39 So.2d 785.

■ It seems to us, however, that there was a justiciable controversy alleged and existing when the bill was filed. The court, then, did have jurisdiction when the suit was commenced. Whether that jurisdiction was subsequently lost or not, we will not decide, because we are of opinion that, in either case, the appeal must be dismissed because it seems clear that there is no justiciable controversy existing now.

The contract made by the City with Helveston has been terminated. The record does not show any facts which present an existing controversy between the City and the board. No existing conflict between them as to the exercise of authority is shown by this record. The record shows no clash between the parties as to any employee, present or prospective. No action to hire or fire anybody depends on this decision.

■■ There is now no justiciable controversy in this case and this court will not make a declaration in a declaratory judgment proceeding which will be futile. This court will not render a purely advisory opinion nor decide moot questions under the guise of a declaratory judgment. Homan v. Beard, 268 Ala. 22, 104 So.2d 914.

■■ It is the general rule that appellate courts do not sit to give opinions on moot questions or abstract propositions. Our authorities are also to the effect that it is not customary to decide moot questions merely to ascertain who is liable for costs. Lewis v. Head, 238 Ala. 151, 189 So. 886.

Where the chief of police sought restoration to the office from which he allegedly had been wrongfully removed, this court dismissed his appeal where he had been legally removed from office after the appeal was taken. State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214. The court there said:

". . . . 'The cause, in short, has become a moot case. There is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render, and we therefore decline to consider the case as now presented on its original merits. . . . .' . . . ." (143 Ala. at page 652, 39 So. at page 215)

Whatever may have been the situation when the instant suit was commenced or when the decree was rendered, the case is now moot, and, for that reason, the appeal is due to be and is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.