265 So.2d 437

Robert D. LIGHT

v.

Hallie H. HARRISON.

8 Div. 430.

Supreme Court of Alabama.

July 27, 1972.

Camp, Page, Williams & Spurrier, Huntsville, for appellant.

No brief from appellee.

PER CURIAM.

This is an appeal from an order granting plaintiff's motion for a new trial, or in the

**2**

alternative, a petition for writ of mandamus to review the same action.

The underlying cause of action arose out of an automobile accident. Plaintiff (appellee) sued the defendant for damages and the jury returned a verdict in favor of the defendant. Chronologically the following occurred:

A final judgment on the jury verdict was entered on June 12, 1970. Plaintiff's motion for new trial was filed on July 9, 1970, and continued by order to August 3, 1970. On July 31, 1970 an order of continuance was entered setting the hearing on the motion for August 21, 1970. No further entries appear in the record until September 1, 1970, on which date an order granting the plaintiff's motion for new trial appears to have been entered. It is the propriety of this order that the defendant (appellant) questions here.

Under the provisions of Tit. 13, § 119, Code, it is clear that the trial court no longer had jurisdiction over the original proceeding at the time of the entry of the order granting the motion for new trial. Without an order further continuing the motion for hearing beyond August 21, 1970, the court lost jurisdiction of the matter after that day, and the motion for new trial was discontinued at that time. All American Life and Casualty Co. v. Dillard, 287 Ala. 673, 255 So.2d 17. In that case a motion for new trial was presented to the trial judge on April 19, 1968, at which time the judge entered an order continuing the motion for hearing on May 15, 1968. No further orders appeared until June 20, 1968, when the court entered its judgment overruling the motion. This court said:

"This action of the trial court was without legal authority for that motion was discontinued. Title 13, § 119, Code of Ala., Recompiled 1958; Moving Picture Machine Operators Local No. 236, et al. v. Cayson, 281 Ala. 468, 205 So.2d 222(14); Moore v. Ashe, 269 Ala. 359, 113 So.2d 678."

This court characterized the trial court's action on the motion for new trial as being invalid and without legal significance.

In Barnes v. Evans, 267 Ala. 236, 101 So.2d 331, a judgment entered 38 days after the initial judgment with no intervening order showing that the court had retained jurisdiction was said to be void and incapable of supporting an appeal. It follows, therefore, that the petition for writ of mandamus which was filed in this cause is appropriate (Ex Parte Phillips, 231 Ala. 364, 165 So. 80; Holden v. Holden, 273 Ala. 85, 134 So.2d 775), and is hereby granted, directing the trial court to vacate its order of September 1, 1970 granting a new trial.

Appeal dismissed; writ granted.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH, and McCALL, JJ., concur.