The plaintiffs, James B. and Gertrude Luken, appeal from a summary judgment entered in favor of the defendant, BancBoston Mortgage Corporation.[1]
In 1979, the Lukens purchased a house in Boaz, Alabama, for $26,800. In order to finance the purchase of the house, the Lukens borrowed the amount of the purchase price from BancBoston; the loan was secured by a mortgage on the house and land. The Veterans Administration guaranteed payment to BancBoston of up to 60% of the amount of the loan.
The Lukens paid on the loan for six years. In August 1985, the Lukens sold the house to Alexander Leps. At the time of the sale, the remaining balance on the note secured by the mortgage was $23,375.57. Leps assumed the mortgage and payment of the note, and the Lukens remained personally liable for payment on the note in the event Leps did not meet his obligation.
In October 1985, the house, which was insured by Allstate Insurance Company, was partially destroyed by fire. As compensation for the loss, Allstate issued a check jointly to Leps (the mortgagor) and BancBoston (the mortgagee), in the amount of $21,547.56. The remaining balance on the note to BancBoston at that time was $23,311.48. According to the terms of the mortgage, BancBoston could apply the insurance proceeds to the reduction of the indebtedness or to the restoration or repair of the damaged property. Of the insurance proceeds, BancBoston applied $14,047.56 to the reduction of the indebtedness and released $7,500 to Leps so that he could restore the house to its original condition.
In February 1986, Leps requested additional funds from BancBoston to complete the restoration of the house. After independent inspection of the restoration progress, BancBoston refused to disburse additional funds to Leps until it was satisfied with the rate of progress of the restoration. Subsequently, Leps abandoned the property and made no more payments on the note. A foreclosure sale resulted in a deficiency of $8,360.91 for BancBoston. BancBoston sought and received a deficiency payment in that amount from the Veterans Administration. The Veterans Administration notified the Lukens of their obligation to pay the deficiency in the event Leps did not do so. The Lukens applied to the Veterans Administration for a waiver of payment. In August 1988, the Veterans Administration denied the request. The Lukens appealed from that decision by filing a "Notice of Disagreement." In April 1989, the Lukens received a document from the Board of Veterans Appeals in Washington, D.C., styled "In the Appeal of James *Page 580 
B. Luken," in which their request for a waiver was seemingly denied. However, in May 1989, the Lukens received a letter from the Veterans Administration Regional Office and Insurance Center in St. Paul, Minnesota, stating that their appeal had been certified to the Board of Veterans Appeals in Washington, D.C., for a final decision. Since then, the Lukens have received no final decision from the Veterans Administration in this matter, nor have they made any deficiency payments to the Veterans Administration.
The Lukens filed an action in Etowah Circuit Court against BancBoston, alleging in three counts that, in paying $7,500 to Leps for restoration costs, BancBoston (1) breached a fiduciary duty to the Lukens, (2) breached a duty to conduct business in a reasonable manner, and (3) breached the mortgage contract. Bancboston filed a motion for summary judgment. In their response to that motion, the Lukens conceded that the first count was without merit, but they argued that counts two and three should be submitted to a jury. The trial court entered a summary judgment as to all counts, and, thereafter, denied the Lukens' motion for a new trial and their motion to alter, amend or vacate that judgment. The Lukens appeal from the summary judgment as to counts two and three.
In its motion for summary judgment and in its brief on appeal, BancBoston argues that the summary judgment was proper for several reasons. BancBoston first argues that because the Veterans Administration has not yet notified the Lukens of its final decision and because the Lukens have not paid the amount of the deficiency to the Veterans Administration, the Lukens have suffered no damages. Unless and until the Board of Veterans Appeals renders a final decision ordering the Lukens to pay the amount of the deficiency, BancBoston argues, the Lukens have suffered no damages.
In support of its position, BancBoston cites our opinion inSmith v. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644,309 So.2d 424 (1975). In that case, a corporation filed an action seeking a declaratory judgment upholding a proposed retirement plan for certain employees of the corporation. Named as defendants were certain individual stockholders in the corporation who voted against the proposed retirement plan and who were expected to contest the legality of any payments made pursuant thereto. The trial court entered a summary judgment for the corporation and the defendants appealed. This Court stated that there must be a bona fide existing controversy of a justiciable character or the court is without jurisdiction. The Court said that the lack of a justiciable controversy may be raised eitherby a motion to dismiss under Rule 12, A.R.Civ.P., or by a motion for summary judgment under Rule 56. We held that no justiciable controversy existed, and we dismissed the appeal:
 "A justiciable controversy does not exist merely because a stockholder disagrees with management or votes his stock contrary to management's position. [The defendant's] statements . . . refer to matters which may or may not occur in the future. The complaint itself alleges that the 'Retirement Plan will or may be contested by [the defendants].' Allegations which merely show that the plaintiff anticipates such a controversy may arise are not sufficient to invite judicial declaration of rights. Saenger Theatres Corp. v. McDermott et al., 237 Ala. 489, 187 So. 460 [(1939)]; Theater Company v. Manning et al., 236 Ala. 670, 185 So. 171
[(1938)]; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450 [(1936)]."
Smith, 293 Ala. at 651, 309 So.2d at 429 (emphasis added).
In this case, the Lukens last received correspondence from the Veterans Administration in May 1989. In that letter, the Regional Office and Insurance Center of the Veterans Administration stated:
 "This is to inform you that your appeal of the decision on your waiver request has been certified to the Board of Veterans Appeals in Washington, D.C.[,] for a final decision. They will review all available *Page 581 
information in reaching their decision.
 "No further action is required on your part at this time. As soon as they have reached a decision, we will notify you."
Since that time, the Lukens have received no final decision from the Veterans Administration in this matter, nor have they made a deficiency payment to the Veterans Administration. As it stands at this time, it is not certain that they will be required to make the payment at all. We hold that a mere allegation that the Lukens anticipate that they will be required to pay the deficiency to the Veterans Administration in the future is not sufficient to invite a judicial declaration of their rights. See Smith, supra.
Because the judgment of the trial court was void for lack of a justiciable controversy between the parties, and because a void judgment will not support an appeal, the appeal is dismissed. Smith, supra; State ex rel. Baxley v. Johnson,293 Ala. 69, 300 So.2d 106 (1974); City of Mobile v. Scott,278 Ala. 388, 178 So.2d 545 (1965). We note, however, that should the Lukens be required to pay the deficiency to the Veterans Administration in the future, our decision in this case will not diminish their right to seek a judicial declaration of their rights in regard to that deficiency.
APPEAL DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] Formerly Mortgage Corporation of the South.