RICHARD L. HOLMES, Retired Appellate Judge.
Ray Morris (father) and Brenda Gail Morris (mother) were divorced in 1989. Since their divorce the parties have returned to court on numerous occasions regarding the issue of their minor child’s custody.
The most recent custody modification order was dated December 20, 1991. The mother was awarded custody of the minor child, with certain restricted visitation rights vested in the father. The December 20, 1991, order provided, in pertinent part:
“7. This matter shall be reviewed upon petition of either party, the Department [of Human Resources], or the [minor child’s] guardian ad litem, subject to the proviso that no review of this matter occur before the completion of the 1991-1992 school year.”
In April 1994 the father filed a petition for review, which stated the following:
“COMES NOW, [the father], ... and petitions the court to review its order of December 20,1991, and for cause states as follows:
“1. Paragraph 7 of the aforesaid order reserves the right for any party to seek a review of said order.”
In April 1994 the mother filed a response in opposition to the father’s petition to review. In her response the mother acknowledged that the December 20, 1991, order reserved jurisdiction for the trial court to review the matter. However, the mother requested that the trial court dismiss the father’s petition for review because it failed to cite any grounds to justify a review and because it failed to cite any claim for which relief could be granted.
In October 1994 the trial court issued an order which dismissed the father’s petition for review.
The father appeals.
On appeal the father contends that the trial court committed reversible error and deprived him of his due process rights when it dismissed his petition for review.
We would note that a great portion of the father’s argument on appeal is devoted to his contentions that the trial court abused its discretion when it issued the December 20, 1991, order. However, the father did not appeal the December 20, 1991, order.
The dispositive issue is whether the trial court abused its discretion or committed reversible error when it dismissed the father’s petition for review.
In the present case, as noted above, the father’s petition for review merely requested that the trial court conduct a review, pursuant to paragraph seven of the December 20, 1991, order. The petition for review cited no grounds to justify a review and presented no claim for which relief was requested.
*921 Our review of the record reveals that even after the mother filed her motion to dismiss the petition for review, the father failed to amend his petition to cite any reasons to justify his request that the trial court conduct a review. Additionally, we would note that approximately six months passed between the time that the mother filed her response and the trial court issued its order dismissing the petition for review, with no additional response being filed by the father.
Our supreme court stated the following in Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644, 649, 309 So.2d 424, 427 (1975):
“There must be a bona fide existing controversy of a justiciable character or the court is without jurisdiction. Thus, the lack of a justiciable controversy may be raised either by a motion to dismiss, Rule 12, ARCP, or a motion for summary judgment, Rule 56, ARCP.”
(Citations omitted.)
In light of the fact that the father failed to provide any reasons to justify his request for a review, we do not find that the trial court abused its discretion or committed reversible error when it dismissed, apparently pursuant to Rule 12, Ala.R.Civ.P., the father’s petition for review.
The mother’s request for attorney fees on appeal pursuant to Rule 38, Ala.R.App.P., is hereby denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.