743 So.2d 439 (1999)
Michael A. STRINGFELLOW
v.
STATE FARM LIFE INSURANCE COMPANY and Charles E. Clark.
1980533.
Supreme Court of Alabama.
September 17, 1999.
Thomas H. Benton, Jr., of McFadden, Lyon & Rouse, L.L.C., Mobile; and Bryan *440 G. Duhé of Duhé, Barnard & Perloff, P.C., Mobile, for appellant.
Fred W. Killion, Jr., and Fred W. Killion III of Killion & Vollmer, P.C., Mobile, for appellees.
MADDOX, Justice.
This is a fraudulent-misrepresentation case that involves a so-called "vanishing-premium" insurance policy. This case presents the same kind of problem that was presented in Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala. 1999). In Williamson, we answered two certified questions from a United States district court concerning whether a case such as this one presents a justiciable controversy.
We set out some of the basic facts in this present case to show why we reach the same conclusion here that we reached in Williamsonthat there was no justiciable controversy on the date the action was filed.
On July 12, 1989, Michael A. String-fellow went to an office of State Farm Life Insurance Company in Grand Bay to purchase insurance. The State Farm office apparently sells various kinds of insurance, and although the purpose of Stringfellow's trip was apparently not to purchase life insurance, an employee in that office told him about a kind of life insurance policy State Farm offered that, the employee said, would benefit him. This policy was called the "Executive Protector Life Insurance Policy" ("the policy").
Stringfellow alleges that the employee, using an illustration prepared by State Farm agent Charles Clark, represented to Stringfellow that the policy would require no "out-of-pocket" premium payments after nine years. Stringfellow produced the illustration as evidence, and he argues that it shows he would be required to make annual cash payments of $345.00 for nine years and that after nine years he would not be required to make any more payments.
Stringfellow purchased the policy, which became effective July 12, 1989, and has annually paid the required premiums. However, in March 1997, after being approached by another insurer about purchasing life insurance, Stringfellow was told that the policy from State Farm would not operate as he says he had been told it would. Rather, Stringfellow says he learned he would be required to pay premiums for longer that the nine years. Stringfellow went to the State Farm office to inquire about the policy, and Clark confirmed that the policy would not sustain itself at a point nine years from the date of purchase. Rather, Stringfellow would be required to make out-of-pocket premium payments for longer than the originally contemplated nine years. Clark presented Stringfellow with another illustration that indicated the policy would not sustain itself for at least four years beyond the end of the ninth year.
Stringfellow filed this lawsuit against State Farm and its agent Clark on December 22, 1997, alleging breach of contract and fraud. After minimal discovery, the trial court entered a "summary judgment" in favor of State Farm and Clark on both claims. We will treat that "summary judgment" as a dismissal based on the lack of a justiciable controversy.
Stringfellow appeals the dismissal as it relates to his claim alleging fraud. We affirm, with a modification of the dismissal, based on the principles of law set out in Williamson, supra. In that case, we addressed the ripeness of a controversy involving a so-called vanishing-premium insurance policy. We stated that a fraud-based cause of action would not accrue until the insured is required to pay a premium beyond the time for which he alleges he was told he would be required to pay. Stringfellow's policy became effective on July 12, 1989, and he alleges that he was told he would be required to pay premiums for only nine years.
*441 Stringfellow argues that when he filed his lawsuit, he had a cause of action for fraudulent misrepresentation. He bases his argument primarily on the two illustrations State Farm provided him regarding the policy. The first illustration, given to him when he applied for the policy, expressly states that Stringfellow would be required to pay premiums through the "end of pol[icy] year" nine. State Farm presented the second illustration to Stringfellow in 1997 when he inquired whether the policy would sustain itself after the end of the ninth year.
The end of the ninth year would have come July 11, 1998. Therefore, according to our understanding of the policy illustration, Stringfellow expected to make annual payments through, at the latest, July 11, 1998. His July 12, 1997, payment would purchase insurance coverage through July 11, 1998. Stringfellow alleges that he was told that no premiums would be required beyond July 11, 1998. Stated differently, Stringfellow alleges that he was told he would have to pay out of his pocket for insurance coverage up through July, 11, 1998; thereafter, he says he was told, the policy would sustain itself and he would not be required to pay out-of-pocket premium payments.
After carefully considering these facts and our decision in Williamson, supra, we conclude that the trial court properly dismissed this case, because Stringfellow's claims were not ripe for adjudication when he filed this lawsuit on December 22, 1997. See Williamson, supra; Luken v. BancBoston Mortgage Corp., 580 So.2d 578 (Ala. 1991); and Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644, 309 So.2d 424 (1975). As this Court stated in Luken, "there must be a bona fide existing controversy of a justiciable character or the court is without jurisdiction." Luken, 580 So.2d at 580, citing Alabama Dry Dock and Shipbuilding Co., supra. Further, in International Longshoremen's Ass'n v. Davis, 470 So.2d 1215, 1216 (Ala.1985), this Court held: "Subject matter jurisdiction [cannot] be conferred by agreement nor can it be waived. Indeed, it is incumbent upon the court to notice [a lack of] subject matter jurisdiction sua sponte."
Based upon our analysis, we conclude that Stringfellow would not have had a justiciable controversy until he was required to make a payment after July 11, 1998. Therefore, the trial court properly dismissed the action, but the dismissal should have been without prejudice. Cf. McMillan v. Hunter, 439 So.2d 153 (Ala.1983). The judgment of dismissal is modified to provide that the dismissal is without prejudice to Stringfellow's right to refile his action, and, as modified, the judgment of dismissal is affirmed.
AFFIRMED AS MODIFIED.
HOOPER, C.J., and HOUSTON, SEE, and BROWN, JJ., concur.
COOK, LYONS, and JOHNSTONE, JJ., dissent.
COOK, Justice (dissenting).
I disagree with the majority's opinion, for the same reasons expressed in Justice Lyons's dissent in Williamson v. Indianapolis Life Insurance Co., 741 So.2d 1057 (Ala.1999).
JOHNSTONE, Justice (dissenting).
I respectfully dissent. See the special writings in Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala.1999).
LYONS, J., concurs.