The plaintiffs Harry DeArman and his wife Cherry DeArman appeal from a summary judgment entered in favor of the defendants Liberty National Life Insurance Company ("Liberty National") and its agent David B. "Johnny" Dollar. We reverse and remand.
 Facts and Procedural History
In 1972, the DeArmans purchased a joint whole-life insurance policy from Liberty National. In the fall of 1984, the DeArmans agreed to meet with Dollar, an agent of Liberty National, to discuss the purchase of additional life insurance. Dollar represented the LifePlus policy as an "interest-sensitive" whole-life policy. To *Page 1091 
better explain the policy features, Dollar used a "LifePlus Summary Sheet" that stated the projected value of the DeArmans' whole-life policy as compared with the projected value of a Liberty National LifePlus policy over a specified period of time. The summary sheet proposed that, when Mr. DeArman reached age 65, the projected cash value of a LifePlus policy would be $52,807.83, as compared with a projected cash value of $2,830.24 for the joint whole-life policy the DeArmans had at that time. The LifePlus Summary Sheet, included in the record, stated that one of the "special features" of the policy was that it would "BE TOTALLY PAID UP IN ONLY 12 YEARS AT THE CURRENT INTEREST RATE." (Capitalization original.) This quoted phrase was not underlined by Dollar or by Liberty National, but Mrs. DeArman underlined the phrase "BE TOTALLY PAID UP IN ONLY 12," and she wrote on the summary sheet a note stating that the policy "[would] be paid up October 2, 1996." Mr. DeArman applied for a $30,000 LifePlus policy on October 3, 1984. Additionally, he signed a supplementary application for exchange, permitting Liberty National to use and exchange the available cash values of the DeArmans' existing joint policy to purchase a $3,343 "Single Premium Whole Life Rider" to the LifePlus policy.
Liberty National issued the LifePlus policy, effective January 1, 1985. The policy contained language advising the DeArmans to read the policy carefully. It notified the DeArmans that they had the right to cancel the policy within 10 days for a full refund of any premiums, and it stated that the cash values of the LifePlus policy "accumulate based on declared interest and risk rates, subject to guarantees."[1] The DeArmans testified in their depositions that they did not review or read the LifePlus policy or documents until 1995.
The DeArmans had no further contact with Dollar regarding the LifePlus policy until 1995. That year, the DeArmans agreed to meet with a representative of Prime America, another insurance company. The agent from Prime America reviewed the LifePlus policy and summary sheet and told the DeArmans that the LifePlus policy would never attain the value projected on the summary sheet and that Mr. DeArman would have to pay premiums for the rest of his life. Following this meeting, Mr. DeArman telephoned Dollar. Dollar advised him that the LifePlus policy had a current cash value of approximately $4,400 and that the LifePlus policy had not performed as well as projected because (1) the DeArmans had taken out a loan and had cashed in the single-premium-whole-life rider to the LifePlus policy, and had thereby substantially decreased the amount of money earning interest, and (2) the interest rate applicable to the DeArmans' policy had decreased steadily since 1984, when the DeArmans had purchased the LifePlus policy.
The DeArmans sued on January 17, 1996. They alleged that Dollar was an agent of Liberty National and that Dollar and Liberty National had misrepresented, failed to disclose, and fraudulently suppressed material facts surrounding their purchase of the LifePlus policy.[2] Both Dollar and Liberty National denied all allegations, and both moved for a summary judgment. Following the submission of *Page 1092 
briefs, supporting evidence, and oral arguments, the trial court entered a summary judgment in favor of Dollar and Liberty National on August 3, 1999. The DeArmans appealed from that summary judgment.
 Analysis
Although this case arises from the trial court's entry of a summary judgment, we conclude, after reviewing the facts and the relevant caselaw, that no justiciable controversy had arisen at the time the DeArmans filed their complaint. Therefore, the trial court was without jurisdiction to issue its judgment. See Stringfellow v. State Farm Ins.Co., 743 So.2d 439 (Ala. 1999).
We have addressed the issue of "ripeness" with regard to vanishing-premium cases before. Our first case to address that issue in regard to a vanishing-premium life-insurance policy was Williamson v.Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala. 1999). In Williamson, we responded to a certified question from the United States District Court for the Middle District of Alabama. We held that no cause of action for an alleged fraud related to the purchase of a vanishing-premium policy accrues until the policyholder is required to make a premium payment after the date upon which the policy was to become self-sustaining. Williamson, 741 So.2d at 1061. Likewise, inStringfellow v. State Farm Ins. Co., 743 So.2d 439 (Ala. 1999), we affirmed the trial court's dismissal[3] of a fraud action based upon the purchase of a vanishing-premium life-insurance policy on the ground that the plaintiff's action had been filed before the date on which, according to the defendants' alleged misrepresentation, the policy was to be self-sustaining. Stringfellow, 743 So.2d at 441.
The situation before us is strikingly similar to the situations inWilliamson and Stringfellow. The DeArmans allege that they were told the Liberty National policy would become self-sustaining within 12 years after they purchased it. Specifically, Mrs. DeArman wrote the date October 1996 on the materials Dollar provided to her. However, because the policy was not issued until January 1985, we must conclude that the policy was not represented as becoming self-sustaining before January 1997. The DeArmans filed this action in January 1996, one year before the represented self-sustaining date. Therefore, no cause of action had accrued when the DeArmans filed their complaint and no justiciable controversy existed.
Although the Williamson case was released only four days before the trial court entered the summary judgment in this case, the trial court lacked jurisdiction to render a judgment on the merits of this present dispute and should have dismissed the complaint without prejudice and permitted the DeArmans to refile it later. See Stringfellow, 743 So.2d at 441.
The summary judgment is vacated. We remand this action for the trial court to dismiss the complaint without prejudice. Because the DeArmans filed their complaint with the bona fide intention of receiving an adjudication on the merits, the running of the statutory limitations period was tolled while their claims were pending in the trial court and on this appeal. See generally Ward v. Saben Appliance Co., 391 So.2d 1030
(Ala. 1980).
JUDGMENT VACATED; ACTION REMANDED. *Page 1093 
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
[1] The guaranteed accumulation interest rate on the LifePlus policy was 4%.
[2] The DeArmans' complaint also contained allegations of negligent hiring, training, and supervision and negligent/wanton sale of a product. In their brief to this Court, the DeArmans concede that the summary judgment was proper as to these claims.
[3] Although the trial court originally entered a summary judgment in favor of the defendant State Farm, we treated the judgment as a dismissal based on the lack of a justiciable controversy. Stringfellow, 743 So.2d at 440.