On Application for Rehearing
The opinion of February 22, 2002, is withdrawn and the following is substituted therefor.
George Donoghue III seeks review of the Mobile Circuit Court's dismissal of his claims against American National Insurance Company ("American National") and its agent, Harold Knotts, Jr., stemming from Donoghue's purchase of life insurance from American National. Donoghue contends that the dismissal — based upon the trial court's holding that Donoghue's claims were not ripe for adjudication — was improper. We agree, and we reverse and remand.
 I. Facts
In November 1993, Donoghue, through Knotts, purchased a universal life insurance policy from American National. On August 25, 2000, Donoghue filed this action in the Mobile Circuit Court against American National and Knotts, alleging fraud, breach of contract, negligence, conspiracy, and negligent and/or wanton failure to train, supervise, and monitor agents. The foundation of each of the claims in Donoghue's original complaint was the alleged misrepresentation by American National and Knotts that the "universal life insurance policy would meet his stated needs in that monies would be available at retirement."
American National filed a motion to dismiss (which Knotts adopted) pursuant to Ala.R.Civ.P. 12(b)(6), arguing, among other things, that Donoghue's claims were not ripe for adjudication. American National later amended its motion to dismiss to assert that Donoghue's claims were barred by the applicable statutes of limitation. Attached to the amended motion was a copy of Donoghue's policy.
Subsequently, Donoghue amended his complaint to allege (1) that before he purchased the policy Knotts had represented to him that the policy would provide a permanent life insurance plan, as well as a separate "retirement fund"; (2) that his understanding was that if he paid a premium of $73 per month, this separate "retirement fund" would have $125,000 in it when he reached the age of 65, the age at which he planned to retire; and (3) that he later learned that there was no such "retirement fund."
Following a hearing, the trial court granted American National's motion to dismiss, holding that Donoghue's claims were not ripe for adjudication. Donoghue appeals. *Page 1035 
 II. Standard of Review
American National's motion to dismiss included, as an exhibit, a copy of Donoghue's policy. In general, exhibits provided in support of motions to dismiss under Rule 12(b)(6) are considered "matters outside the pleading" and effectively convert the motion into a motion for a summary judgment. Ala.R.Civ.P. 12(b); see F.A. Dobbs Sons, Inc. v.Northcutt, 819 So.2d 607, 609 (Ala. 2001) ("Dobbs's attaching exhibits to its motion to dismiss effectively converted it to a summary judgment motion."); Wesson v. McCleave, Roberts, Shields Green, P.C.,810 So.2d 652, 656 (Ala. 2001) (stating that conversion of a motion to a motion for a summary judgment under Rule 12(b) occurs "`regardless of what the motion has been called or how it was treated by the trial court'" (quoting Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala. 1997))).
However, we are persuaded to embrace the well-founded rule adopted by the Alabama Court of Civil Appeals precluding conversion when the exhibits in question are referred to in, and are central to, the plaintiff's complaint:
 "Alabama cases are silent concerning whether a portion of a document made the basis of a pleader's claim, or an omitted portion of an exhibit incorporated into a pleading, may be considered by a trial court without converting a motion to dismiss for failure to state a claim. However, `since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules.' McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763, 765 (Ala.Civ.App. 1996) (quoting City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala. 1981)).
 "A number of federal appellate courts construing the analogous provisions of Rule 12(b), Fed.R.Civ.P., have concluded that `if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.' GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997) (citing authorities from the First, Second, Third, Fourth, Sixth, Ninth, and Eleventh Circuits); see also Wright v. Associated Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994) (documents attached to a motion to dismiss are considered part of the pleadings if referred to in plaintiff's complaint and are central to his or her claim); Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (stock-offering memorandum and purchase agreement properly considered on motion to dismiss securities fraud action), cert. denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992). `If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.' GFF Corp., 130 F.3d at 1385.
 "In this case, the application form attached to the motion to dismiss was a component of the letter that Wilson contends was fraudulent. Under Alabama law, `statements comprising the alleged misrepresentations "must be viewed in their entirety to adequately resolve the question of whether a misrepresentation has occurred."' Benton v. Paul Revere Life Ins. Co., 858 F. Supp. 1112, 1115 (M.D.Ala. 1994) (quoting Utah Foam Prods., Inc. v. Polytec, Inc., 584 So.2d 1345, 1351 (Ala. 1991)). In light of the authorities discussed above, we agree *Page 1036 
with First Union that the application form, which Wilson has not disputed was a portion of the letter enclosed in the first mailing, was properly considered by the trial court in ruling on First Union's motion to dismiss under Rule 12(b)(6), Ala.R.Civ.P. Thus, the trial court's consideration of this form did not require conversion of the motion into one for a summary judgment."
Wilson v. First Union Nat'l Bank of Georgia, 716 So.2d 722, 726
(Ala.Civ.App. 1998).
Guided by the above analysis, we conclude that we need not treat American National's motion to dismiss as a motion for a summary judgment. Donoghue's complaint specifically references the policy, and the purchase and substance of the policy serve as the foundation for each of Donoghue's claims. Therefore, our review is governed by the following standard:
 "`On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala.R.Civ.P.], is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
C.B. v. Bobo, 659 So.2d 98, 104 (Ala. 1995) (quoting Nance v. Matthews,622 So.2d 297, 299 (Ala. 1993) (citations omitted)).
 III. Analysis
In its order granting American National's motion to dismiss, the trial court held as follows:
 "This suit was filed in [August] 2000 and after receiving an initial motion to dismiss,[Donoghue] filed a first amended complaint in May 2001, focusing his claims, it appears, on alleged representations that the insurance policy he was solicited to purchase would provide a `retirement plan' as well as a death benefit. In the amended complaint, at Paragraph 10, [Donoghue] alleges that his `retirement plan' would `progressively reach $125,000.00 at age 65.' It appears to this court that [Donoghue] is making an effort to avoid the impact of recent Alabama Supreme Court opinions deferring `vanishing premium' claims until the date should arrive when the premiums had been, allegedly, promised to vanish. See Williamson v. Indianapolis Life Insurance Company, 741 So.2d 1057
(Ala. 1999); Stringfellow v. State Farm Life Insurance Company, 743 So.2d 439 (Ala. 1999); DeArman v. Liberty National Life Insurance Company, [786 So.2d 1090
(Ala. 2000)]. In paragraphs 10-16 of the first amended complaint, [Donoghue] repeatedly alleges that no `retirement fund' exists. However, [Donoghue] does not allege that he has attained age 65 and is entitled to benefits from a `retirement fund.'
 "It appears to this court that the term `retirement fund' is simply another name for a policy cash value or pool of money allegedly promised to be on hand at retirement age, a date which has not yet arrived in the instance of this plaintiff. [Donoghue] likens the situation to that in Boswell v. Liberty National Life Insurance Company, 643 So.2d 580 (Ala. [1994]). However, the Supreme Court, in Williamson, supra, explains that in Boswell, the plaintiffs were persuaded to purchase something that did not exist and never would exist, while in *Page 1037 Williamson, the plaintiff purchased policies that might or might not perform in the manner which he was allegedly represented. Such is the situation here. Thus, as in Williamson, and the succeeding cases, [Donoghue] has suffered no discernible injury at this time. The issue is not ripe. The motions to dismiss of defendants American National Insurance Company and Harold Knotts are due to be granted; however, as in DeArman, supra, the court finds that [Donoghue's] complaint was filed with the bona fida intention of receiving an adjudication on the merits and, therefore, as in DeArman, the statute of limitations is tolled while this claim has been pending.
 "The motions to dismiss filed by defendants American National Insurance Company and Harold Knotts are GRANTED, and this case is DISMISSED without prejudice. Costs having been prepaid, no further costs are taxed.
"DATED, July 17, 2001.
"/s/William H. McDermott
"William H. McDermott
"Circuit Judge"
Donoghue contends that the trial court erred in relying on Williamsonv. Indianapolis Life Insurance Co., 741 So.2d 1057 (Ala. 1999),Stringfellow v. State Farm Life Insurance Co., 743 So.2d 439 (Ala. 1999), and DeArman v. Liberty National Life Insurance Co., 786 So.2d 1090
(Ala. 2000), arguing that each of those cases involves "vanishing premiums" and, therefore, was decided based on a factual context wholly different from the one presented here. Donoghue concedes that in a "vanishing-premium" case (in which large premiums are paid over a short period with the anticipation that at some future date the premiums will "vanish," i.e., will no longer be required from the insured) a claim alleging that a plaintiff might have to pay premiums beyond the date on which the premiums were represented to "vanish" is not ripe for adjudication until a premium payment is made beyond the "vanish" date. See Williamson, 741 So.2d at 1060-61 ("Although there are projections suggesting that the agent's alleged representation [that premiums would `vanish' in 2002] was false, there is absolutely no way to know whether this representation was true or was false, until the end of the year 2002."); Stringfellow, 743 So.2d at 440-41 (claims filed in December 1997 were not ripe because they were based on an alleged misrepresentation that no premium payments would be required after July 11, 1998);DeArman, 786 So.2d at 1092 ("The DeArmans filed this action in January 1996, one year before the represented ['vanish'] date. Therefore, no cause of action had accrued when the DeArmans filed their complaint and no justiciable controversy existed.").
However, Donoghue argues that his circumstance is distinguishable from a vanishing-premium case in that he is alleging not that the policymight not perform as represented, but that it will not perform as represented, because no "retirement fund" exists. Donoghue contends that he suffered immediate injury when he purchased the American National policy because he "understood from Defendant's representations that his [premium] payments would immediately cause his [allegedly nonexistent] retirement plan to start growing and would progressively reach $125,000 at age 65." (Appellant's brief on rehearing pp. 1-2.) Because, as Donoghue alleges, there is no "retirement fund," Donoghue contends that he has been paying for something that does not exist and that his case is similar to Boswell v. Liberty National Life Insurance Co., 643 So.2d 580
(Ala. 1994), and his claims are ripe for adjudication. *Page 1038 
In Williamson, we summarized Boswell and distinguished that case from the vanishing-premium scenario as follows:
 "In Boswell, this Court held that insureds could maintain fraudulent-misrepresentation and suppression claims based on their allegations that the insurer had persuaded them to surrender one policy and to purchase, for greater premiums, a policy that was represented to provide greater benefits. The basic question in that case was whether, given that the plaintiffs had made no claim under the policy, they had suffered any injury. This Court held:
 "`The injury or damage alleged is that the plaintiffs were persuaded, through the fraudulent acts of the defendants, to pay for something they did not receive. In other words, the alleged injury or damage was the payment of greater premiums that were unnecessary because the plaintiffs received no additional coverage in return for the greater premiums and lost benefits they already enjoyed under the old policy.'
 "Boswell, 643 So.2d at 582. Williamson argues that his case is similar to Boswell. We are not persuaded that it is.
 "In Boswell, the plaintiffs were persuaded to purchase something that did not exist and never would exist. In the present case, Williamson purchased policies that will perform as he says he was told they would, if he dies before 2003 or if he does not have to pay premiums on the policies after the year 2002. In other words, because the performance of the policies is directly related to interest rates, Williamson today can only speculate that the policies will not sustain themselves as he claims he was promised."
Williamson, 741 So.2d at 1061.
We hold that, under the standard of review for motions to dismiss under Rule 12(b)(6), the dismissal of Donoghue's claims was erroneous. Viewing the allegations of Donoghue's complaint most strongly in his favor, we cannot conclude that Donoghue could not prove a set of facts similar to those in Boswell — namely, that due to the alleged tortious actions of the defendants, Donoghue was paying for something that "did not exist and never would exist" and that he consequently has suffered injury sufficient to ripen his claims. Therefore, we reverse the trial court's dismissal of Donoghue's claims.
American National attempts to present this Court with an alternative basis on which to decide this case against Donoghue. Specifically, American National contends that even if Donoghue's claims are ripe for adjudication, those claims are barred by the applicable statutes of limitation.
Generally, we can affirm a trial court's judgment on any basis. See Exparte City of Fairhope, 739 So.2d 35, 39 (Ala. 1999) ("A trial court's judgment, if correct, should be affirmed even if the court has given a wrong reason in support of its judgment."); see also Steiger v.Huntsville City Bd. of Educ., 653 So.2d 975, 977 (Ala. 1995) ("A judgment properly entered will not be disturbed, even if it is not supported by the reasons stated by the trial court."). However, even if we found merit in American National's statute-of-limitations argument, the procedural posture of this case precludes the use of this "alternative" basis to affirm the trial court's judgment. The trial court held that Donoghue's claims were not ripe; that ruling would allow the claims to be asserted at a later date. Consequently, a decision against Donoghue based upon the statutes of limitations having expired would bar the claims from ever being *Page 1039 
brought again — a result well beyond mere "affirmance" of the trial court's decision.
For the reasons given above, we reverse the trial court's dismissal of Donoghue's claims and remand the case for further proceedings consistent with this opinion.
APPLICATION GRANTED; OPINION OF FEBRUARY 22, 2002, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED. Moore, C.J., and Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
SEE and LYONS, JJ., concur in the result.