On Application for Rehearing

YATES, Presiding Judge.
The no-opinion order of affirmance issued on January 16, 2004, is withdrawn, and the following is substituted therefor.
James D. Farmer and a number of landowners (hereinafter collectively referred to as “the plaintiffs”) appeal from a summary judgment entered in favor of the City of Dothan; the City’s mayor, Chester L. So-well III (“Mayor Sowell”); the Board of Commissioners of the City of Dothan (“the City Commission”); and the individual commissioners on the City Commission (“the commissioners”).
In 2000, the City Commission passed a resolution requesting that the Alabama Department of Transportation (“ADOT”) “study, design, and develop a limited access freeway route from the Alabama/Florida state line to Dothan” (“the I — 10 connector”). The City had previously requested that ADOT consider a “downtown” route for the 1-10 connector; however, when a study of the “downtown” route indicated that this route was not feasible because of cost and timeliness, the City requested that the downtown route be withdrawn from further consideration. On February 4, 2003, the City and the City Commission “resolved” to “support and endorse” a route for the 1-10 connector proposed by ADOT. The proposed route traveled adjacent to and contained an interchange at County Road 59. The plaintiffs all live in the vicinity of County Road 59.
On March 13, 2003, the plaintiffs sued the City, Mayor Sowell, the City Commission, and the commissioners, seeking declaratory and injunctive relief. The plaintiffs alleged that the defendants had *433 violated § 11-52-11, Ala.Code 1975, when they “resolved” to “support and endorse” the route proposed by ADOT without submitting the proposed route for approval by the City of Dothan Planning Commission (“the Planning Commission”). Section 11-52-11, Ala.Code 1975, provides, in part:
“Whenever the [planning] commission shall have adopted the master plan of the municipality or of one or more major sections or districts- thereof, no street, square, park or other public way, ground or open space or public building or structure or public utility, whether publicly or privately owned, shall be constructed or authorized- in the municipality or in such planned section and district until the location, character and extent thereof shall have been submitted to and approved by the commission .... ”
The plaintiffs sought a judgment declaring the resolution void and requested injunc-tive relief on the ground that the route proposed by ADOT, if constructed, would cause irreparable injury and damage to the plaintiffs and their property.
On April 17, 2003, the defendants moved to dismiss the plaintiffs’ complaint pursuant to Rule 12(b)(6), Ala. R.- Civ. P., or, in the alternative, for a more definite statement. On May 6, 2003, the trial court set a hearing on the defendants’ -motion to dismiss for June 25, 2003. On June 18, 2003, the plaintiffs moved the court for a summary judgment.
Although no transcript of the hearing on the defendants’ motion to dismiss is contained in the record, it appears that the trial court requested specific information at that hearing regarding ADOT’s improvements on Alabama -Highway 52, a previous project undertaken by ADOT. Counsel for the defendants, by letter dated July 1, 2003, provided the requested information to the trial court ánd to counsel for the plaintiffs. It appears from the text of the letter that counsel for the defendants obtained permission from counsel for the plaintiffs to provide the information directly to the trial court by letter. That letter provided:
“Pursuant to your request for specific information regarding recent State Highway Department improvements on Alabama Highway 52, I have spoken with Mr. David Hendrix, Planning Director for the City of Dothan.
“Mr. Hendrix will testify, if necessary, that no plans or documents of any kind relevant to that project were ever submitted to the Planning Commission for their authorization, approval or otherwise. Mr. Hendrix also stated that in order to testify whether any state highway project was ever submitted to the Commission he would have to inspect all of the relevant records. He did state, however, that for his near 25 year history with this Planning Commission, he has no memory of any state highway project being submitted to the Dothan Planning Commission for its authorization or otherwise.
“I have provided [counsel for the plaintiffs] with this same report by telephone prior to this letter and he agreed that I may furnish it to you directly. I hope this information is helpful in resolving your question.”
The trial court apparently treated the letter from counsel for the defendants as a matter outside the pleadings and converted the defendants’ motion.to dismiss into a motion for a summary judgment, see Rule 12(b), Ala. R. Civ. P.; the trial court entered a summary judgment in favor of the defendants on July 23, 2003. The plaintiffs appeal following the denial, of their postjudgment motion.
The plaintiffs argue that the trial court erred in converting the defendants’ motion *434 to dismiss into a motion for a summary judgment without notice to them and without allowing them to submit evidence and/or argument in opposition to the purported motion for a summary judgment. Rule 12(b), Ala. R. Civ. P., provides, in part:
“If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56[, Ala. R. Civ. P.]”
This court has stated:
“The same requirements which govern Rule 56 summary judgments apply to a converted Rule 12(b)(6) motion. Graveman v. Wind Drift Owners’ Ass’n, Inc., 607 So.2d 199 (Ala.1992). Those requirements are: (1) that the nonmovant receive adequate notice of the trial court’s intention to treat the motion as one for summary judgment and (2) that the nonmovant receive a reasonable opportunity to present material in opposition. Id. Our Supreme Court has held that the same 10-day notice required when a party moves for summary judgment is also required for a converted motion for summary judgment. Id. Further, notice that the court intends to treat a motion to dismiss as a Rule 56 motion for summary judgment need not be given by written order. However, the record must demonstrate that all parties were aware of the trial court’s intention to treat the motion as a converted summary-judgment motion. Hales v. First Nat’l Bank of Mobile, 380 So.2d 797 (Ala.1980).”
Banks, Finley, White & Co. v. Wright, 864 So.2d 324, 327, (Ala.Civ.App.2001). See also Singleton v. Alabama Dep’t of Corr., 819 So.2d 596 (Ala.2001).
In the present case, one could argue that in the 22 days between the date of the defendants’ letter and the date the trial court entered a summary judgment in favor of the defendants, the plaintiffs had a reasonable amount of time to respond to the letter. However, nothing in the record could be construed as notice to the plaintiffs that the trial court intended to treat the defendants’ motion to dismiss as a converted motion for a summary judgment. Accordingly, because the plaintiffs did not receive notice of the trial court’s intention to treat the defendants’ Rule 12(b)(6) motion to dismiss as a converted motion for a summary judgment, we conclude that the trial court erred in entering a summary judgment.
However, the defendants argue that even if the trial court failed to comply with the procedural safeguards required by Rule 56, Ala. R. Civ. P., in converting a motion to dismiss into a motion for a summary judgment, the judgment in their favor is nonetheless due to be affirmed. We agree. “Generally, [an appellate court] can affirm a trial court’s judgment on any basis.” Donoghue v. American Nat’l Ins. Co., 838 So.2d 1032, 1038 (Ala.2002).
As set out above, § 11-52-11, Ala.Code 1975, provides that no street or public way shall be constructed or authorized to be constructed in a city until the location, character, and extent of such street or public way is submitted to and approved by the city’s planning commission. The defendants argued in their motion to dismiss that the plaintiffs’ complaint was due to be dismissed because it failed to allege that the City had “constructed” or “authorized” construction of any street or public way without the approval of the *435 planning commission. Our supreme court has stated:
“ ‘On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.], is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ ”
C.B. v. Bobo, 659 So.2d 98, 104 (Ala.1995), quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).
Referenced in and attached to the plaintiffs’ complaint as an exhibit was a copy of the resolution in which the defendants resolved to “support and endorse” the route proposed ADOT.[1] It is clear that the defendants’ resolution to “support and endorse” the route proposed by ADOT did not violate § 11-52-11, Ala.Code 1975. Obviously, no street, highway, or public way had been constructed. Further, a resolution to “support and endorse” a particular route is not akin to authorizing construction of a street or public way. Accordingly, we conclude that the defendants were entitled to have their motion to dismiss the plaintiffs’ complaint granted.
NO-OPINION ORDER OF AFFIR-MANCE OF JANUARY 16, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing, which CRAWLEY, J., joins.

. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” Rule 10(c), Ala. R. Civ. P. Therefore, the copy of the resolution is considered a part of the plaintiff's complaint and is not considered a matter outside the pleadings. Banks, 864 So.2d at 327.