On Application for Rehearing

THOMAS, Judge.
The no-opinion order of affirmance of August 17, 2012, is withdrawn, and the following is substituted therefor.
In early October 2010, a victim of a shooting gave a statement naming Namath Joe Jackson as the man who had shot the victim in the hand and had stolen his cellular telephone. On October 12, 2010, a report aired on television stations operated by WAFF, LLC, and Huntsville Broadcasting Corporation, (referred to collectively as “the television stations”), indicating that the local police authorities had named Jackson as a suspect in a shooting, requesting the public’s assistance in locating Jackson, and warning the public that the authorities considered Jackson to be armed and dangerous. The television stations rebroadcast the segment at least three times on different newscasts. In addition, the television stations also broad-casted a segment reporting Jackson’s apprehension by the authorities the following day. Ultimately, the charges brought against Jackson were dismissed because the investigation revealed that he had not been in the area when the shooting occurred and therefore could not have been the gunman. The television stations failed to broadcast a report on the dismissal of the charges against Jackson, despite his request in writing that they do so.
Jackson then sued the television stations in the Colbert Circuit Court, alleging that they had defamed him by reporting that he had been involved in a crime, by reporting that he was believed to be armed and dangerous, and by failing to report on the dismissal of the charges against him.[1] Jackson attached to his complaint the let *1125 ter he sent to the television stations requesting either a retraction or that they report on the dismissal of the charges against him and what appears to be the record of the entire criminal case against him, which was dismissed. The television stations moved to dismiss Jackson’s complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim, or, in the alternative, to transfer the action to Madison County. The television stations attached to their motions DVD recordings of the broadcasts that formed the basis of Jackson’s action against them.
In their motions to dismiss, the television stations argued first that Jackson had not alleged that they had published any false statements about him. The television stations further argued that their broadcasts were privileged under Ala.Code 1975, § 13A-11-161, which protects as privileged any “fair and impartial report” of, among other things, “the issuance of any warrant [or] the arrest of any person for any cause .... ” In response, Jackson amended his complaint to assert that, although the initial reporting of the police search for him, the criminal charges against him, and his arrest were privileged under § 13A-11-161, the television stations were no longer entitled to the privilege because either (1) they had failed to broadcast a report on the dismissal of the charges against Jackson, proving actual malice, or (2) they had failed to report on the dismissal of the charges and thus “removed” the privilege. Jackson also responded to the television stations’ motions to dismiss and filed his own affidavit in support of that response, in which he stated that he had requested that the television stations “print a retraction” and that the television stations had failed to do so despite being provided “information which they could use to clear [Jackson’s] name,” including the notes of the investigating officers who cleared him of the charges.
After the Colbert Circuit Court entered an order transferring the action to the Madison Circuit Court in June 2011, the Madison Circuit Court granted the television stations’ motions to dismiss in February 2012. Jackson timely appealed to this court. We affirm.
On appeal, Jackson argues that the television stations lost any privilege that they may have had under § 13A-11-161 by failing to report on the dismissal of the charges against him. He further argues that § 13A-11-161 provides a basis for a cause of action for the television stations’ failure, after request, to report on the dismissal of the charges against Jackson. The television stations argue that this court need not consider any possible limit to the privilege provided in § 13A-11-161 because Jackson’s claims fail because he did not allege that the broadcasts contained false statements. Furthermore, the television stations argue, § 13A-11-161 does not provide a private cause of action for defamation based on the failure to retract or to report on the conclusion of an investigation.
We first note that the trial court dismissed the action under Rule 12(b)(6) and did not, as Jackson argues, enter a summary judgment in favor of the television stations. Although the television stations did include DVD recordings of the broadcasts at issue as exhibits to their motions to dismiss, the inclusion of those exhibits did not, in this case, convert the motions to dismiss into motions for a summary judgment. Because the exhibits provided by the television stations were “referred to in, and are central to, [Jackson’s] complaint,” the inclusion of those exhibits did not convert the motions to dismiss to motions for a summary judgment. Donoghue v. American Nat’l Ins. Co., 838 So.2d 1032, 1035-36 (Ala.2002) (embracing and quoting *1126 the rule set out in Wilson v. First Union Nat’l Bank of Georgia, 716 So.2d 722, 726 (Ala.Civ.App.1998)). Our standard of review is, therefore, governed by the following:
“ ‘ “On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.], is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” ’ ”
Donoghue, 838 So.2d at 1036 (quoting C.B. v. Bobo, 659 So.2d 98, 104 (Ala.1995), quoting in turn Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)).
As noted above, Jackson alleged that the television stations had defamed him by broadcasting the reports of his being wanted by the police authorities, by reporting that he was considered armed and dangerous, and by broadcasting reports of his arrest.
“' “The elements of a cause of action for defamation are: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm [ (per se) ] or the existence of special harm caused by the publication of the statement [(per quod) ].” ’ ”
Dudley v. Bass Anglers Sportsman Soc’y, 777 So.2d 135, 140 (Ala.Civ.App.2000) (quoting Drill Parts & Serv. Co. v. Joy Mfg. Co., 619 So.2d 1280, 1289 (Ala.1993), quoting in turn MeCaig v. Talladega Publ’g Co., 544 So.2d 875, 877 (Ala.1989)).
Jackson’s main argument is that § 13A-11-161 does not serve to protect the television stations by making their reports privileged under the particular circumstances presented here; that is, Jackson argues that the statute does not protect the television stations because they failed to report on the dismissal of the charges against him. Jackson is correct that no Alabama case has ever construed the last portion of § 13A-11-161, which, at first read, does appear to support Jackson’s argument to a point. The statute reads, in its entirety:
“The publication of a fair and impartial report of the return of any indictment, the issuance of any warrant, the arrest of any person for any cause or the filing of any affidavit, pleading or other document in any criminal or civil proceeding in any court, or of a fair and impartial report of the contents thereof, or of any charge of crime made to any judicial officer or body, or of any report of any grand jury, or of any investigation made by any legislative committee, or other public body or officer, shall be privileged, unless it be proved that the same was published with actual malice, or that the defendant has refused or neglected to publish in the same manner in which the publication complained of appeared, a reasonable explanation or contradiction thereof by the plaintiff, or that the publisher has refused upon the written request of the plaintiff to publish the subsequent determination of such suit, action or investigation.”
§ 13A-11-161 (emphasis added). Although it does appear that the privilege *1127 provided in the statute would not exist if the publisher failed to publish the result of the investigation — “[t]he publication of a fair and impartial report of ... the issuance of any warrant [or] the arrest of any person for any cause ... shall be privileged, unless it be proved ... that the publisher has refused upon the written request of the plaintiff to publish the subsequent determination of such suit, action or investigation” — we agree with the television stations that we need not delve into the parameters of the fair-report statute to decide this case.
As the television stations argue, nowhere in Jackson’s complaint or amended complaint does he state that the statements made in the broadcasts were false. Indeed, in his amended complaint, Jackson admits that, at the time the broadcasts were made, the television stations were covered by the privilege extended under § 13A-11-161. Thus, we agree with the television stations that Jackson conceded that the broadcasts were “fair and impartial report[s]” of the charges against him and of his arrest on those charges. If the broadcasts were conceded to have been “fair and impartial report[s],” it follows that they were accurate statements made based on the information supplied by the police authorities during an investigation of a complaint arising from the shooting. See Wilson v. Birmingham, Post Co., 482 So.2d 1209, 1212 (Ala.1986) (finding the news report at issue in that case to be conditionally privileged under § 13A-11-161 because “it accurately reported] statements made by [witnesses] during an official police investigation, as reflected in the official police incident report”). Accurate or truthful statements — even those that might be negative in nature and harmful to one’s reputation — will not support a defamation claim. See Mooneyham v. State Bd. of Chiropractic Exam’rs, 802 So.2d 200, 203 (Ala.2001) (affirming the dismissal of a defamation claim when the allegations were that the published statements were accurate at the time they were published). The trial court therefore properly dismissed Jackson’s defamation claims against both television stations.
Jackson’s other contention on appeal, based on his issue statement, is that § 13A-11-161 creates a private cause of action for “failure to retract” or, more properly in this case, “failure to report the subsequent determination of an investigation.” The cases from other jurisdictions that Jackson relies upon to support his argument do not involve the creation of a private cause of action in an Alabama statutory scheme; thus, we find them completely inapposite. Because of that failure, Jackson’s argument on this issue fails to comply with Rule 28(a)(10), Ala. R. Civ. App. We could affirm on this ground alone. See White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).
However, the television stations have given us a merit-based ground for affirming the trial court’s judgment as to this issue. As the television stations point out, “[o]ne claiming a private right of action within a statutory scheme must show clear evidence of a legislative intent to impose civil liability for a violation of the statute.” American Auto. Ins. Co. v. McDonald, 812 So.2d 309, 311 (Ala.2001). Jackson has not presented any evidence of a legislative intent to impose civil liability on media outlets who fail to report on the subsequent determination of a police investigation. To the extent Jackson argues that his action was premised on the television stations’ failure under § 13A-11-161 to report on the dismissal of the charges against him, he has clearly failed to state a claim for relief; accordingly, we affirm the dismissal of Jackson’s action insofar as it purports to *1128 be premised on § 13A-11-161. See C.B. v. Bobo, 659 So.2d at 102.
APPLICATION GRANTED; NO-OPINION ORDER OF AFFIRMANCE OF AUGUST 17, 2012, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, P.J. and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Jackson also sued a local newspaper, the Northwest Alabamian, and several fictitiously named parties. Jackson and the Northwest Alabamian reached a settlement and filed a joint stipulation of dismissal of the claims against the Northwest Alabamian. See Rule 41(a), Ala. R. Civ. P. Thus, the Northwest Alabamian is not a party to this appeal. Furthermore, no parties were substituted for the fictitiously named parties before the entry of the judgment dismissing the claims against the remaining defendants, the television stations. We note that the existence of the fictitiously named parties in Jackson’s complaint does not prevent finality of the judgment entered by the trial court. See Rule 4(f), Ala. R. Civ. P.; Griffin v. Prime Healthcare Corp., 3 So.3d 892 n. 1 (Ala.Civ.App.2008).